UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joel B. Steinmetz, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiff,<br><br><br><br>         -v.-<br>Cavalry SPV I, LLC,<br>Cavalry Portfolio Services, LLC,<br><br>                                   Defendant(s). | Civil Action No: 1:21-cv-5805<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joel B. Steinmetz (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Cavalry SPV I, LLC (hereinafter, "Defendant Cavalry SPV") and Defendant Cavalry Portfolio Services, LLC (hereinafter, "Defendant Cavalry Portfolio") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Cavalry SPV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595 and an address for service of process at C T Corporation System, 28 Liberty St, New York, NY 10005.

9. Upon information and belief, Defendant Cavalry SPV is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Cavalry Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595 and an address for service of process at C T Corporation System, 28 Liberty St, New York, NY 10005.

11. Upon information and belief, Defendant Cavalry Portfolio is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the state of New York;

    b. to whom Defendant Cavalry Portfolio sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Cavalry SPV;

    d. listing a payment since charge off greater than zero;

  e. attributing payments to an individual that does not reflect any activity on the account which is attributable to the indivual, without disclosing that fact;

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § l692e and §1692g et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and § 1692g et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. At a time better known to Defendants, an obligation was allegedly incurred to the original creditor, Citibank, N.A. (hereinafter "Citibank").

23. Defendant Cavalry SPV later purchased the defaulted debt from Citibank for the purpose of debt collection. Therefore, Defendant Cavalry SPV is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

24. Defendant Cavalry SPV contracted Defendant Cavalry Portfolio to collect the defaulted debt.

25. Therefore Defendant Cavalry Portfolio is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

26. The original subject obligation arose out of credit card transactions. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

27. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

28. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

29. Defendant Cavalry SPV uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant Cavalry SPV also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant Cavalry SPV is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

30. Defendant Cavalry Portfolio uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant Cavalry Portfolio also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant Cavalry Portfolio is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

31. Defendant Cavalry SPV has policies and procedures in place that govern Defendant Cavalry Portfolio's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Cavalry SPV's control over Defendant Cavalry Portfolio's collection practices.

32. By virtue of the relationship between the two Defendants, Defendant Cavalry SPV exercised control over Defendant Cavarly Portfolio while the latter was engaged in collecting the subject debt on behalf of the former.

33. Therefore, Defendant Cavalry SPV should be held vicariously liable for any and all violations committed by Defendant Cavalry Portfolio.

<em><u>Violation – January 6, 2021 Collection Letter</u></em>

34. On or about January 6, 2021, Defendant Cavalry Portfolio sent the Plaintiff a collection letter regarding the subject debt. (See "Letter" at Exhibit A.)

35. In relevant part, on the top right side of Defendant Cavalry Portfolio's Letter, it states:

| | |
|---|---|
| Amount Owed at Charge Off: | $5,121.29 |
| Interest since charge off: | $.00 |
| Other Charges or Fees since charge off: | $.00 |
| Payments since charge off: | $208.76 |
| Amount of Debt Owed: | $4912.53 |

36. However, Plaintiff did not make a post charge-off payment in the amount of $208.76.

37. Thus, Defendant Cavarly Portfolio misstates the current balance on the account and the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

38. One consumer may reasonably understand that if he pays the stated "amount of debt owed" amount of $4,912.53 he will satisfy his debt in full.

39. Another consumer may reasonably understand that since he did not actually make any post charge-off payments, he is required to pay the "amount owed at charge off" of $5,121.29.

40. Furthermore, a payment restarts the statute of limitations for bringing a lawsuit on the underlying debt.

41. By stating that Plaintiff made a post charge-off payment, Defendant Cavalry Portfolio has enabled itself and Defendant Cavalry SPV to bring a lawsuit on the underlying subject debt for a longer period than it is entitled to bring suit.

42. Thus, listing a false "payment" is deceptive and misleading.

43. In fact, Defendant Cavalry Portfolio has engaged in a pattern and practice of attributing purported "payments" to consumers that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact.

44. Defendant Cavalry Portfolio and/or Defendant Cavalry SPV created and inserted numbers as "payments" which are not attributable to the consumer.

45. Regarding the subject incident, the implication of the $208.76 value is that it represents actual activity on the account and is attributable to the consumer's action or request.

46. The inclusion of "payments" which post-date any actual account activity by the consumer, without disclosure of the material fact that the "payments" were not a result of real consumer activity is deceptive.

47. Defendants seeks to collect an amount that misrepresents the total amount of debt due, in violation of 15 U.S. Code § 1692e et seq.

48. In result, Plaintiff incurred an informational injury as Defendants misstated and mischaracterized the total amount of the debt.

49. Plaintiff suffered an invasion of a legally protected interest in that the FDCPA protects consumers against false, deceptive, and misleading representations in connection with the collection of a debt, including a false representation of the character, amount and/or legal status of any debt.

50. Plaintiff suffered injuries that are concrete and particularized, as the misrepresentations included in Defendants' Letter affected Plaintiff in a personal and individual way and actually exist.

51. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

52. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

53. Now, consumers have a right to receive proper notice of the amount and character of their debts. When a debt collector fails to effectively inform the consumer of their debts, in violation of statutory law, the debt collector has harmed the consumer.

54. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendants violated §1692e:

   a. As the characterization of "payments" is deceptive, in violation of §1692e generally;

b. As the letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A);

c. By making a false and deceptive representation in violation of §1692e(10).

59. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

62. Pursuant to 15 U.S.C. §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. <u>The amount of the debt;</u>
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

11

       portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63. Defendants violated this section by misstating the amount of debt due, thereby failing to provide the proper notice required by §1692g in an initial collection letter.

64. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Joel B. Steinmetz, individually and on behalf of all others similarly situated, demands judgment from Defendant Cavalry SPV I, LLC and Defendant Cavalry Portfolio Services, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 18, 2021                                       Respectfully Submitted,

/s/ Tamir Saland
**Stein Saks, PLLC**
By: Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 122
Fax: (201)-282-6501
tsaland@steinsakslegal.com
*Attorneys for Plaintiff*